James S. **GARVEY**, on behalf of himself and all others similarly situated, Plaintiff,

v.

Orville L. **FREEMAN**, the Secretary of Agriculture of the United States of America, W. Harold Tuttle, F. H. Hallock, and Raymond M. Frazee, members of the Kiowa County, Colorado, Agricultural Stabilization and Conservation Committee, Arthur Isgar, Charles Hanavan, Jr., and Dewey Carnahan, members of the Agricultural Stabilization and Conservation Committee of the State of Colorado, Defendants.

Civ. A. No. 66–C–460.

United States District Court
D. Colorado.

Feb. 1, 1967.

Holland & Hart, J. G. Holland, Dwight K. Shellman, Jr., and William J. Carney, Jr., Denver, Colo., for plaintiff.

Lawrence M. Henry, U. S. Atty., and William E. Gandy, Asst. U. S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The complaint alleges that the plaintiff is the owner and manager of farm lands in Kiowa County and other counties in Colorado and is eligible for participation in the feed grain programs authorized by Congress for the years 1967 through 1969.

The amount of benefits to which the plaintiff will be entitled under this program depends in part upon the "projected farm yield" established for the plaintiff's farms. "Projected farm yield" is defined as follows:

> " 'Projected farm yield' for any crop of wheat shall be determined on the basis of the yield per harvested acre of such commodity on the farm during each of the three calendar years immediately preceding the year in which such projected farm yield is determined, adjusted for abnormal weather conditions affecting such yield, for trends in yields and for any significant changes in production practices, but in no event, shall such projected farm yield be less than the normal yield for such farm as provided in subparagraph (E) of this paragraph." (7 U.S.C. § 1301(b) (13) (K).)

The Secretary of Agriculture, pursuant to authority contained in the Act, promulgated rules and regulations which provide for a County Committee to determine the projected yields for the various farms in the various counties of the country. The regulations also provide for an appeal from the County Committee's determination to a State Committee and from the State Committee to the Deputy Administrator. See 7 C.F.R. 780.3, 780.-4 and 780.5.

At the time of the filing of the complaint, there had been no determination of the "projected farm yield" for plaintiff's farms. Nevertheless, the plaintiff, anticipating determination of projected yields which would not meet the plaintiff's approval, requests the Court to enjoin the Secretary of Agriculture and the other defendants from proceeding with the administration of the program under

the rules and regulations as prescribed by the Secretary of Agriculture and to require the Secretary of Agriculture to proceed otherwise.

The defendants have moved to dismiss the complaint on two grounds: First, that the complaint fails to state a claim and; secondly, that administrative remedies are available to plaintiff, the lack of exhaustion of which precludes consideration of the present suit in this Court.

■ We conclude that the second ground of the motion is good and that the complaint should be dismissed for failure of the plaintiff to exhaust the administrative remedies available to him.

The plaintiff, while recognizing this rule which requires exhaustion of administrative remedies, asserts that the remedies available are invalid, unlawful and inadequate.

■ The mere allegation that the procedures are invalid, unlawful or inadequate is not sufficient to justify the plaintiff in ignoring the remedies and procedures provided and, particularly so, in this case for at the time of the institution of this action, the defendants had not determined the "projected farm yield" of plaintiff's farms.

■ The law is quite clear that where administrative procedures are provided, these procedures must first be exhausted before the Court can acquire jurisdiction and these procedures cannot be ignored because it is alleged they are not valid. Rigby v. Rasmussen, 275 F.2d 861 (10th Cir. 1960); Corpstein v. United States, 262 F.2d 200 (10th Cir. 1958).

The Court concludes that defendants' motion to dismiss should be granted.

It is therefore ordered that the defendants' motion to dismiss is hereby granted and judgment in favor of the defendants and against the plaintiff shall enter forthwith.